## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| **MARIE ALLEN**<br><br>   **Plaintiff,**<br><br>**Vs.**<br><br>**CITY OF NORWALK, NORWALK BOARD OF EDUCATION, and STEVEN ADAMOWSKI, in his individual capacity**<br><br>   **Defendants.** | **CASE NO.:** |

### COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW Plaintiff Marie Allen ("**Allen**," "**Plaintiff**," or "**plaintiff**"), by and through her undersigned counsel, Daugherty Law Group, LLC, located at 260 Madison Avenue, Suite 8032, New York, New York, 10016, and as and for her complaint against defendants City of Norwalk ("**Defendant City**"), Norwalk Board of Education ("**Defendant Board**,") and Steven Adamowski ("**Defendant Adamowski**") arising from his duties and employment with Defendant City and Defendant Board, individually in her capacity as an employee of Defendant City and Defendant Board states and alleges as follows:

## I. **INTRODUCTION**

1. This is an action for money damages to redress the deprivation by Defendant Board, through its agents, servants and/or employees, of the rights secured to Plaintiff by the Constitution and laws of the United States. Defendant Board, through its agents, servants and/or employees, were responsible for violating Plaintiff's federal rights, and thereby improperly deprived her of the

freedom and liberty afforded to all citizens of this State and Country, without any cause, justification or excuse.

2.　　This is an action by Plaintiff against her employer and superintendent for (1) race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et. seq., (2) race discrimination and retaliation in violation of 42 U.S.C. §§ 1981, 1983 and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States of America, and (3) age and retaliation discrimination in violation of the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. §§ 621 et seq.

## II.　JURISDICTION

3.　　Jurisdiction in this Court is invoked under the provisions of the Judicial Code at 28 U.S.C. Sections 1331, 1343, and the Civil Rights Acts of 1964 and 1991, Title VII thereof.

## III.　VENUE

4.　　Pursuant to 28 U.S.C. §1391(b)(1) and (2), venue is proper within this District because Defendants City of Norwalk and Norwalk Board of Education are located in Norwalk, Connecticut, and Defendant Steven Adamowski worked in Norwalk, Connecticut, and the conduct underlying Plaintiff's claims occurred in Norwalk, Connecticut.

## IV.　EXHAUSTION OF REMEDIES

5.　　Plaintiff timely filed her complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO") and the Equal Employment Opportunity Commission ("EEOC") on or about February 1, 2019 against

Defendants City of Norwalk and Norwalk Board of Education. Plaintiff received Notice of Right to Sue ("NORTS") letters from the EEOC on July 23, 2021. She has filed these claims within 90 days of her receipt of those NORTS.

**V.   PARTIES**

6.   The Plaintiff is an individual who resides in Norwalk, Connecticut, 06850. Plaintiff is employed as an Assistant Principal at Brien McMahon High School for Defendants City of Norwalk and Norwalk Board of Education since August or September 2017.

7.   At all relevant times, Plaintiff was an "employee" as defined by Title VII. Plaintiff is African-American of race and her color is Black. She is a female. Plaintiff is over the age of 65.

8.    Defendant City of Norwalk is a local municipality responsible for the education of its citizens. Defendant City of Norwalk at all relevant times employed more than 50 persons.

9.   Defendant Norwalk Board of Education is responsible for overseeing the administration of educational services offered to the residents of Defendant City.

10.   Furthermore, Defendant Board is responsible for all employment related decisions of Defendant City, including but not limited to, controlling the Plaintiffs' work schedules and conditions of employment; determining the rate and method of the payment of wages; and maintaining at least some records regarding Plaintiffs' employment.

11.   Defendant Board acts as an agent of Defendant City.

12.    Together, Defendants City of Norwalk and Norwalk Board of education jointly employ Plaintiff.

13.    Defendant Steven Adamowski was the Superintendent of Defendants City of Norwalk and Norwalk Board of Education when Plaintiff was denied a promotion in or around September 2018 and again in May or June of 2019. Defendant Adamowski is Caucasian of race and white of color.

## VI.    **FACTS**

14.    Plaintiff has been employed with the City of Norwalk and the Norwalk Board of Education since 2008.

15.    In or around May 2015, many of the African American Norwalk Board of Education members expressed concerns about the hiring process employed by the majority Caucasian Board members, in particular, the decision to hire Defendant Adamowski despite evidence that an African American male was the better candidate.

16.    One of Defendant Adamowski's first official act as superintendent was the hiring of Frank Costanzo as Chief of School Operations.

17.    Frank Costanzo had recently resigned from his position in New Haven Public Schools due to the complaints of an African American female. The teacher claimed Frank Costanzo sent her inappropriate text messages, made inappropriate comments, and physically touched her without permission or consent.

18.     Despite Frank Costanzo's past dealings with African American females, Superintendent Adamowski delegated Plaintiff's evaluation responsibilities to Frank Costanzo.

19.     Plaintiff immediately felt a change in culture as she was soon emailed by Mr. Costanzo and instructed to report to his office with a union representative. Plaintiff was not given a reason for the "meeting."

20.     Plaintiff arrived with Union President, Lynne Moore. Mr. Costanzo was asked by Ms. Moore, why he scheduled the meeting without informing Plaintiff of the nature of the meeting and what complaints if any had been lodged against her.

21.     Mr. Costanzo attempted to downplay the meeting by saying the meeting was "not disciplinary" and that he thought he had a good relationship with Plaintiff "up until then."

22.     Turns out, Mr. Costanzo wanted to question Plaintiff's decision *not* to accept a Caucasian student into Briggs Alternative School. Plaintiff explained the enrollment and application process in the meeting. Everyone agreed that Plaintiff did nothing wrong.

23.     In December 2015, after the meeting with Mr. Costanzo, Plaintiff sent Mr. Costanzo a follow-up email to address some of the concerns she had with the meeting. Defendant Adamowski and others were sent the email as well.

24.     Later that school year, Plaintiff complained to Defendant Adamowski about Mr. Costanzo's treatment of her, in particular, that she felt she was being "targeted."

25.     Due to these complaints, Superintendent Adamowski told Plaintiff he would assign a different person to evaluate Plaintiff.

26.     Although Mr. Costanzo was no longer Plaintiff's evaluator of record, he nevertheless continued to score and make comments in her evaluations, all of which were negative in nature.

27.     During the 2015-2016 school year, Plaintiff received the first "developing" rating in her career from Mr. Costanzo, whom was only her evaluator for two (2) months.

28.     Just a year before, Plaintiff had received a commendation from Superintendent Marks and Assistant Superintendent Tony Daddona.

29.     During the 2016-2017 school year, rumors were circulating that Plaintiff's school, Briggs Alternative School, would be closed at the end of the year.

30.     Plaintiff met with Superintendent Adamowski to seek other job opportunities within Norwalk Public Schools.

31.     At the meeting, on or around May 17, 2017, Plaintiff asked Defendant Adamowski about several job openings that would have been commensurate with her current salary as Principal of Briggs Alternative School.

32.     Plaintiff asked about the principalship opening at Rowayton Elementary school and the principalship opening at Brien McMahon High School. Defendant Adamowski told Plaintiff that she need *not* apply because the positions were already filled.

33.    The Rowayton Elementary School principalship position had not been filled prior to Plaintiff's meeting with Defendant Adamowski on or around May 17, 2017.

34.    The Brien McMahon High School principalship position had not been filled prior to Plaintiff's meeting with Superintendent Adamowski on or around May 17, 2017.

35.    Defendant Adamowski then asked Plaintiff when she planned on retiring, so Plaintiff responded "I'm too young to retire," Defendant Adamowski then looked at Plaintiff and said she looked "very youthful."

36.    Defendant Adamowski then suggested that Plaintiff apply for jobs in other districts or apply for a job in Human Resources.

37.    After Plaintiff's meeting with Defendant Adamowski, Plaintiff told her union president, Lynne Moore, about the differential treatment she was experiencing and the conversation she had with Defendant Adamowski.

38.    Plaintiff also told a Norwalk Board of Education member, Shirley Mosby, and the President of the Norwalk NAACP, Brenda Penn-Williams, about the differential treatment she was experiencing.

39.    As a result of her complaints of racial discrimination, Ms. Moore, Ms. Mosby, and Mrs. Penn-Williams told Defendant Adamowski and Norwalk Mayor Harry Rilling, about Plaintiff's concerns and complaints.

40.    In June 2017, Mr. Costanzo sent Plaintiff a letter informing her that she was being transferred to housemaster (assistant principal) of Brien

McMahon High School. The transfer was a demotion as Plaintiff would no longer qualify for annual raises and her job responsibilities changed significantly.

41.     During the summer of 2017, after Plaintiff's meeting with Defendant Adamowski, but before the commencement of the new school year, Plaintiff applied for and was subsequently offered a principalship position at Bassick High School located in Bridgeport, Connecticut.

42.     Prior to Plaintiff's salary negotiations with the Bridgeport Superintendent, Defendant Adamowski called the Superintendent of Bridgeport to sully Plaintiff's reputation.

43.     Embarrassed, Plaintiff rejected the principalship position at Bassick High School and accepted the demotion to assistant principal of Brien McMahon High School.

44.     Again, Plaintiff complained to her union representative, Ms. Moore, and the local president of the NAACP, Mrs. Penn-Williams.

45.     Mrs. Penn-Williams routinely confronted Major Rilling and Defendant Adamowski about Defendants' treatment of Plaintiff.

46.     Ms. Moore informed Defendant Adamowski about Plaintiff's complaints as well.

47.     In or around September 9, 2018, Ms. Moore was demoted from Principal of West Rocks Middle School to the Assistant Principal position at Norwalk High School.

48.     Plaintiff assumed she would be the likely candidate for the West Rocks Middle School principalship position because she had more middle school

experience – as a teacher and an administrator – than anyone else in Norwalk Public Schools.

49.     But Plaintiff was neither interviewed nor considered for the West Rocks Middle School principalship position before she filed a complaint with the Connecticut CHRO.

50.     Days after announcing Ms. Moore was demoted to an assistant principal position at Norwalk High School, Defendant Adamowski announced that the new principal would be Adam Reynolds, a young Caucasian male with no middle school experience.

51.     Mr. Reynolds had never taught at the middle school level or held any administrative titles at the middle school level. Mr. Reynolds had no experience as a principal at any school or grade level.

52.     Plaintiff was the principal of an elementary school in Washington State for nine (9) years; she was a middle school teacher in California for more than ten (10) years; and she was the assistant principal of Ponus Ridge Middle School, *a school within Norwalk Public Schools,* for four (4) years.

53.     Plaintiff has always received *overall* evaluation scores of "proficient" or higher.

54.     Plaintiff received a commendation from the previous Superintendent Susan Marks and Assistant Superintendent Tony Daddona.

55.     Plaintiff is a member of the Norwalk Association of School Administrators ("NASA"), and NASA has a Collective Bargaining Agreement

("CBA") in place with the Norwalk Board of Education. Article V of the CBA sets out the procedure to be followed in the event of a Reduction in Force ("RIF").

56.    A RIF is defined in the CBA as "a decrease in the number of members of the administrative/supervisory staff employed by the Board of Education other than by retirements, resignations, leaves of absence, non-renewals, or dismissals not based on elimination of position."

57.    In addition, Article V(D)(5)(a) states "any administrator relieved of his/her duties because of reduction of staff or elimination of position shall be offered an administrative opening (if one exists) in his/her job title within his/her salary group for which he/she is certified and qualified."

58.    In June 2017, Plaintiff's school, Briggs Alternative School, was closed and her position was eliminated, thus she should have been given RIF status and protection.

59.    Plaintiff told Mr. Costanzo and Defendant Adamowski that she was entitled to RIF protection, but both Mr. Costanzo and Defendant Adamowski denied Plaintiff RIF protections and status.

60.    If in fact, Defendant Adamowski had recognized his decision to eliminate Plaintiff's position as a RIF, Plaintiff would have been transferred to one of the Principalship positions available at the time.

61.    In addition, as an administrator displaced as a result of a RIF, Plaintiff should have been placed on a "reappointment list" according to Article V (D)(5)(f) of the CBA.

62.    Article V (D)(5)(f) of the CBA states, "any administrator who has been displaced as aforesaid shall be placed on a reappointment list for his/her former administrative position, or another similar position of comparable pay and shall remain thereon until reappointed or for two years from the effective date of displacement, whichever occurs first, provided such administrator shall be recalled to positions for which they are certified and qualified according to seniority. If reappointment is offered consistent with the above and is refused by the administrator, he/she shall thereupon be removed from the appointment list."

63.    In September 2018, when another principalship position became available, Plaintiff's RIF status should have been recognized, and she should have been "appointed" to the principalship position at West Rocks Middle School.

64.    By failing to recognize Plaintiff's displacement as a RIF in June 2017 and again in September 2018, Plaintiff's ability to advance at Norwalk Public Schools was significantly impeded. In addition to career advancement, Plaintiff's "salary group" changed after she was demoted to "housemaster."

65.    If Plaintiff was not entitled to RIF protections, pursuant to the CBA Article V(B)(2), the procedures involving involuntary transfers were also ignored. It states: "A list of vacancies in all schools shall be posted in each school and at Central Office. The Superintendent shall select the best qualified applicant for each position." Defendant Adamowski did not post a list of the principalship vacancies in each school.

66.    Defendant Adamowski, on behalf of Defendant Norwalk Board of Education, discriminated against Plaintiff in the terms and conditions of her employment by failing to give her the RIF status she deserved.

67.    Defendant Adamowski, on behalf of Norwalk Board of Education, discriminated against Plaintiff in the terms and conditions of her employment by failing to "bump" her into a principalship position after eliminating her principalship position at Briggs Alternative School.

68.    Defendant Adamowski, on behalf of Norwalk Board of Education, discriminated against Plaintiff in the terms and conditions of her employment by refusing to place her on a reappointment list.

69.    Defendant Adamowski, on behalf of Norwalk Board of Education, discriminated against Plaintiff in the terms and conditions of her employment by refusing to appoint her to the vacant principalship position at West Rocks Middle School in September 2018 after eliminating her principalship position at Briggs Alternative School.

70.    Even if Plaintiff didn't have RIF protection and status, she was still much more qualified for the West Rocks Middle School principalship position than Mr. Reynolds, whom had no prior experience as a principal of any grade level.

71.    Plaintiff and Mr. Reynolds' disparities in qualifications are of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen Mr. Reynolds over Plaintiff.

72.     Plaintiff's qualifications, at the time of the vacancy, were clearly superior to Adam Reynold's qualifications.

73.     Plaintiff constantly complained about Frank Costanzo and Defendant Adamowski racially discriminating against her to her union officials, co-workers, and local NAACP leaders.

74.     Plaintiff complained when she was denied RIF status; she complained when she didn't receive an interview or consideration for either of the principalship openings in 2017, and she complained again in September 2018 in defense of Ms. Moore, because she felt Ms. Moore was being discriminated against for defending her and other minority teachers and administrators.

75.     There is no doubt that Ms. Moore and Mrs. Penn-Williams informed the Mayor of Norwalk and Defendant Adamowski himself that Plaintiff felt like she was being "targeted" and discriminated against based on her race and age. Both Ms. Moore and Mrs. Penn-Williams informed Defendant Adamowski on several occasions about Plaintiff's complaints.

76.     As a direct result of plaintiff's complaints, Defendant Adamowski refused to transfer or offer her an administrative position within her salary group. Then he demoted her to an assistant principalship position and refused to place her on the "appointment list."

77.     Defendant Adamowski called the superintendent of Bridgeport Public Schools to sully Plaintiff's reputation which in turn prevented her from negotiating a salary from a position of strength.

78.     By demoting Plaintiff to housemaster and refusing to appoint her to an administrative position in her salary group, Plaintiff's ability to increase her salary has been eliminated.

79.     After Plaintiff filed her complaint with the CHRO, Defendant Adamowski decided to post the West Rocks Middle School position.

80.     Plaintiff applied for the position at West Rocks Middle School.

81.     Plaintiff was qualified for the position at West Rocks Middle School.

82.     Plaintiff was a finalist (top three) for the position.

83.     Plaintiff and Adam Reynolds were interviewed by Defendant Adamowski for the position of Principal of West Rocks Middle School.

84.     Defendant Adamowski hired Mr. Reynolds as the West Rocks Middle School principal instead of hiring Plaintiff.

85.     Plaintiff was never notified why she wasn't selected for the West Rocks Middle School principalship position.

86.     Defendant Adamowski didn't select Plaintiff for the principalship position because of Plaintiff's complaints of discrimination.

87.     Defendant Adamowski didn't select Plaintiff for the principalship position because of Plaintiff's age.

88.     Defendant Adamowski didn't select Plaintiff for the principalship position because of Plaintiff's race.

## VII.   <u>CAUSES OF ACTION</u>

**COUNT ONE AGAINST DEFENDANT BOARD and DEFENDANT CITY:**
**[42 U.S.C. §2000e, <u>et. seq.</u>, Title VII Disparate Treatment (Race & Color)]**

89.    Paragraphs 1-88 of this Complaint are re-alleged herein as Paragraphs 1-88 of this First Count.

90.    Plaintiff belongs to a protected class (Black).

91.    Plaintiff was qualified for the position of Principal of West Rocks Middle School.

92.    Plaintiff's was clearly more qualified than Adam Reynolds for the position of Principal of West Rocks Middle School at the time Adam Reynolds was selected as Interim Principal of West Rocks Middle School.

93.    Defendant Adamowski ignored established policies and procedures when he selected Adam Reynolds as the interim principal of West Rocks Middle School.

94.    Plaintiff's race and color were motivating factors in Defendants' employment actions set forth above with respect to compensation, treatment, and other terms of employment.

95.    Raising an inference of discrimination, Defendants hired a person outside of Plaintiff's protected class (Black).

96.    As a result of these unlawful actions of Defendants City and Board, Plaintiff has suffered and will continue to suffer economic damages and severe emotional trauma.

**COUNT TWO AGAINST DEFENDANT BOARD and DEFENDANT CITY:**
**[42 U.S.C. §2000e, <u>et seq.</u>, Title VII Retaliation]**

97.     Paragraphs 1-96 of this Complaint are re-alleged herein as Paragraphs 1-96 of this Second Count.

98.     Plaintiff participated in protected activity when she complained to Defendant Adamowski about the differential treatment she was experiencing from Frank Costanzo.

99.     Plaintiff told Defendant Adamowski that she did not believe Frank Costanzo was treating her appropriately.

100.   Plaintiff filed a grievance and formal complaint with the CHRO before she was interviewed for the principalship position at West Rocks Middle School.

101.   Plaintiff was not selected for "interim" principal of West Rocks Middle School because of her past opposition to Defendants' unlawful employment practices.

102.   Defendant Adamowski was aware of Plaintiff's complaints. Plaintiff would make those complaints directly to Defendant Adamowski.

103.   As a result of these unlawful actions of Defendants City and Board, Plaintiff has suffered and will continue to suffer economic damages and severe emotional trauma.

**COUNT THREE AGAINST DEFENDANT ADAMOWSKI:**
**[42 U.S.C. §§ 1981, 1983 and 14th Amendment of United States Constitution]**

104.   Paragraphs 1-103 of this Complaint are re-alleged herein as Paragraphs 1-103 of this Third Count.

105.   At all times herein, Defendant Adamowski, was the Superintendent of Defendant Board and was acting under color of state law. Defendant Adamowski is being sued in his individual capacity. Defendant Adamowski is Caucasian of race and White of color.

106.   Defendant Adamowski participated directly in hiring Adam Reynolds instead of Plaintiff. Defendant Adamowski unilaterally decided to hire Adam Reynolds.

107.   Defendant Adamowski had no objective criteria or justification for hiring Adam Reynolds over Plaintiff.

108.   If Defendant Adamowski did not know about all of Frank Costanzo's actions, Defendant Adamowski was grossly negligent in supervising Mr. Costanzo.

109.   Defendant Adamowski intentionally discriminated against Plaintiff by failing to promote Plaintiff to principal of West Rocks Middle School.

110.   Defendant Adamowski intentionally discriminated against Plaintiff by failing to transfer Plaintiff to principal of West Rocks Middle School.

111.   Plaintiff was interviewed in or around May 2019 for the West Rocks principalship position because Plaintiff filed a CHRO complaint alleging racial discrimination.

112.   The interview was a sham. Defendant Adamowski was not considering Plaintiff for the position.

113.   Raising an inference of discrimination, Adam Reynolds, a Caucasian male, was hired instead of Plaintiff despite Plaintiff's qualifications being superior.

114.  Plaintiff's race was a but-for cause in Defendant Adamowski's employment actions set forth above with respect to compensation, treatment, and other terms of employment.

115.  As a result of these unlawful actions of Defendant Adamowski, Plaintiff has suffered and will continue to suffer economic damages and severe emotional trauma.

**COUNT FOUR AGAINST DEFENDANT ADAMOWSKI:**
**[Retaliation 42 U.S.C. §§1981, 1983, 14th Amendment]**

116.  Paragraphs 1-115 of this Complaint are re-alleged herein as Paragraphs 1-115 of this Fourth Count.

117.  Defendant Adamowski, as a public school employee acting in his official capacity as Superintendent of Norwalk Public Schools, was acting under the color of state law when he violated Plaintiff's constitutional rights.

118.  Defendant Adamowski subjected Plaintiff to the treatment alleged herein because Plaintiff complained of or otherwise opposed discrimination.

119.  Defendant Adamowski was aware of Plaintiff's protected activity.

120.  Defendant Adamowski was aware of Plaintiff filing a complaint with the CHRO and EEOC alleging  discrimination in or around February 2019.

121.  Defendant Adamowski was identified as a "respondent" in Plaintiff's February 2019 EEOC complaint.

122.  Defendant Adamowski interviewed Plaintiff because of her CHRO complaint.

123.   Defendant Adamowski decided to post the West Rocks Middle School principalship position because Plaintiff filed a complaint with CHRO.

124.   Defendant Adamowski did not hire Plaintiff as Principal of West Rocks Middle School because of her complaints of discrimination.

125.   Plaintiff was interviewed in or around May 2019.

126.   Defendant Adamowski did not use an objective rubric to grade Mr. Reynolds versus Plaintiff.

127.   Defendant Adamowski did not record the interview with Mr. Reynolds.

**COUNT FIVE AGAINST DEFENDANT BOARD and DEFENDANT CITY [ADEA: AGE DISCRIMINATION]**

128.   Paragraphs 1-127 of this Complaint are re-alleged as Paragraphs 1-116 of this Fifth Count.

129.   Plaintiff's age was a motivating factor in Defendants' employment actions set forth above with respect to compensation, treatment and other terms and conditions of employment.

130.   Defendants discrimination against Plaintiff on account of her age was willful.

131.   Plaintiff was denied the promotion and the position was filled by someone under the age of forty (40).

132.   Defendant Adamowski told Plaintiff she looked very youthful after he asked her to retire.

133.   Plaintiff's age was a but-for cause in Defendants' employment actions set forth above with respect to compensation, treatment, and other terms of employment.

134.   As a result of these unlawful actions of Defendants, Plaintiff has suffered and will continue to suffer economic damages and severe emotional trauma.

**COUNT SIX AGAINST DEFENDANT BOARD and DEFENDANT CITY**
**[ADEA: AGE DISCRIMINATION/RETALIATION]**

135.   Paragraphs 1-134 of this Complaint are re-alleged as 1-134 of this Sixth Count.

136.   Defendants willfully retaliated against Plaintiff for opposing their unlawful age discrimination by, among other things, failing to promote her to Principal of West Rocks Middle School.

137.   Defendant Adamowski asked Plaintiff if she wanted to retire before he told her he was going to demote her to assistant principal.

138.   Plaintiff told her union officials and Brenda Penn-Williams about Defendant Adamowski's comments.

139.   Defendants were made aware of Plaintiff's complaints.

140.   Defendant Adamowski was aware that Plaintiff complained to people about his comment to her the previous school year.

141.   As a result of unlawful retaliation, Plaintiff has suffered economic damages and severe emotional trauma.

## VIII.   **PRAYER FOR RELIEF**

Wherefore, the Plaintiff respectfully prays this Court take jurisdiction over this case and grant judgment against the Defendants. Plaintiff prays that the following relief be awarded:

a. Compensatory damages in an amount this Court shall consider just and fair;

b. Punitive damages in an amount this Court shall consider just and fair;

c. Attorney's fees and reimbursement of cost of the instant action;

d. Reimbursement of back wages and compensation for Plaintiff's lost income;

e. Prejudgment interest; and

f. All other relief that this Court deems just and fair.

## IX.   **DEMAND FOR JURY TRIAL**

142. Plaintiff demands a jury trial on all issues so triable against Defendants.

DATED this **14th** day of **October, 2021**

Respectfully submitted by,

Ryan D. Daugherty
Daugherty Law Group, LLC
260 Madison Avenue, Suite 8032
New York, New York 10016
(646) 859-1674
Federal No. ct30807